IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBRA J. LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:17-cv-00452 |
| ) | |
| ROBYN A. JOHNSON, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Debra J. Lynch, proceeding *pro se*, alleges that defendant Robyn A. Johnson has engaged in tortious interference with an expectancy of inheritance. (Compl., Dkt. No. 1.) Before the court is Johnson's motion to dismiss the action for, among other grounds, lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 2.) The motion has been fully briefed and was argued before the court. Because the court finds that complete diversity under 28 U.S.C. § 1332 is lacking, the court will grant Johnson's motion.

I. BACKGROUND

On September 27, 2017, Debra J. Lynch, a Virginia resident, filed a complaint against Robyn A. Johnson, also a Virginia resident. (Compl. 1-2.) Lynch brought the suit in her name, "as Personal Representative of the Estate of Lorene B. Dorough situated in St. John's County Florida." (*Id.*) Dorough was the mother of both Lynch and Johnson. (*Id.* at 2.) The complaint asserts that Johnson "did deprive [Lynch] of her due inheritance" from their mother's estate and seeks damages to account for the loss of inheritance allegedly caused by Johnson. (*Id.* at 1.)

On October 11, 2017, Johnson filed her motion to dismiss, to which Lynch has responded. On November 9, 2017, the court ordered supplemental briefing on whether a *pro se* party may represent another entity like an estate when there are other beneficiaries or persons

who potentially have interests at stake, such as creditors. This jurisdictional issue has been fully briefed and was argued before the court at a January 4, 2018 hearing.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss under Rule 12(b)(1) tests the court's subject-matter jurisdiction over a plaintiff's claim. The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). It must, however, "view[] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R*, 945 F.2d at 768).

### B. The Court Lacks Subject-Matter Jurisdiction in this Case.

Applying this standard here, the court concludes that it lacks subject-matter jurisdiction to decide the merits of this case. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Generally speaking, a federal court has subject-matter jurisdiction over a civil action only if it

raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332.

Here, Lynch invokes diversity jurisdiction as the basis for the court's subject-matter jurisdiction. (Compl. 1.) The primary issue is whether the parties are diverse. Although it is undisputed that both Lynch and Johnson are residents of Virginia, Lynch claims that she has Florida citizenship pursuant to 28 U.S.C. § 1332(c)(2). That section provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Lynch purports to be suing as the legal representative of her mother's estate and alleges that her mother was a citizen of Florida. Accordingly, Lynch claims that she is entitled to adopt Florida citizenship and that Johnson has Virginia citizenship, thereby establishing diversity of citizenship in this case.

The court concludes that § 1332(c)(2) does not apply in this case. First, Lynch has not made a showing that a legal estate exists here. In cases in which a court has applied § 1332(c)(2), an estate had been opened and administered. *See, e.g.*, *Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008); *Dillon v. Butler*, No. 1:13-cv-424, 2015 WL 5674883, at *10 (M.D.N.C. Sept. 25, 2015), *aff'd as modified*, 671 F. App'x 179 (4th Cir. 2016). Here, however, the evidence is that no estate has been opened or administered. Even if the plaintiff recovers funds in this case, there appears to be no estate into which the funds could be delivered.

Moreover, the pleadings suggest that Lynch does not, in fact, seek to represent her mother's estate. Section 1332(c)(2) applies only to someone who is suing on behalf of the estate. *Gustafson*, 546 F.3d at 402; *Dillon*, 2015 WL 5674883, at *6. Lynch, however, seeks to recover "her due inheritance" (Compl. 1), a request inconsistent with the interests of the estate as a whole. In representing her individual interests, Lynch cannot rely on § 1332(c)(2) and must

instead rely on her Virginia residency.  Because Johnson is also a Virginia resident, no diversity exists in this case.

Even if Lynch opened an estate and was appointed to administer the estate so that she would be deemed a Florida resident, she could not bring this action *pro se*.  A *pro se* party cannot maintain an action on behalf of a decedent's estate if that estate has other beneficiaries or creditors; indeed, a *pro se* party can only represent an estate in the limited circumstance in which she is the sole beneficiary of the estate.  *See, e.g.*, *Cadmus v. Williamson*, No. 5:15-cv-00045, 2016 WL 8376572, at *5 (W.D. Va. Aug. 23, 2016) (Report and Recommendation of United States Magistrate Judge collecting authority); *Dillon*, 2015 WL 5674883, at *6; *McAdoo v. United States*, No. 1:12-cv-328, 2014 WL 359043, at *2 (W.D.N.C. Feb. 3, 2014); *Kimble v. Withers*, No. 5:12-cv-110, 2013 WL 6147678, at *4 (W.D. Va. Nov. 22, 2013) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997)).  Here, it is undisputed that other individuals have an interest in the decedent's estate.  Accordingly, counsel would have to represent the estate.

Because the court concludes that Lynch has not established subject-matter jurisdiction, the complaint will be dismissed without prejudice.

### III. CONCLUSION

For the stated reasons, the court concludes that it lacks subject-matter jurisdiction in this case.  Johnson's motion to dismiss (Dkt. No. 2) will be GRANTED.  All other pending motions will be DENIED as moot.  The Clerk is directed to send copies of this memorandum opinion to all counsel of record and to plaintiff Debra J. Lynch.

Entered: February 22, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge